UNITED STATES DISTRICT COURT FOR THE
WESTEWRN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CYNTHIA R. BROWN, an individual, | ) |
| | ) |
| Plaintiff, | ) NO. 10-cv-5705 |
| | ) |
| v. | ) COMPLAINT |
| | ) |
| | ) (JURY DEMAND) |
| JAMES ROBERSON, SR., an individual, and | ) |
| JAMES ROBERSON, JR., an individual, and | ) |
| MICHAEL RENARD, an individual, and THE | ) |
| CITY OF OLYMPIA, a municipal corporation, | ) |
| | ) |
| | ) |
| Defendants. | ) |
| | ) |

Plaintiff, by and through her attorneys, hereby alleges as follows:

**PRELIMINARY STATEMENT**

1.      This is a civil action against the City of Olympia and three of its officers for violating Cynthia R. Brown's constitutional, statutory and common law rights by subjecting her to an unlawful strip search and unreasonable and excessive force at the Olympia City Jail on or about August 19, 2008.

COMPLAINT - 1

**Budge & Heipt, PLLC**
705 Second Ave., Suite 910
Seattle, WA 98104
206-624-3060

## JURISDICTION AND VENUE

2. This Court has original jurisdiction over the plaintiff's civil rights claims under 42 U.S.C. § 1983, pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343 (civil rights). This Court has supplemental jurisdiction over the plaintiff's related state claims pursuant to 28 U.S.C. § 1367(a). In addition, the Court has jurisdiction over all claims because there is complete diversity of citizenship between all adverse parties and the amount in controversy exceeds the jurisdictional amount under 28 U.S.C. § 1332.

3. Venue is proper in this jurisdiction under 28 U.S.C. § 1391(b) because all of the events that support the plaintiff's allegations occurred in this judicial district and because the defendants reside in this judicial district.

## PARTIES

4. Plaintiff, Cynthia R. Brown, is an individual residing in the State of Georgia.

5. Defendant James Roberson, Sr. is a United States Citizen residing in this judicial district. At all times relevant hereto, Defendant Roberson, Sr. was a law enforcement officer with the City of Olympia, an employee of the City of Olympia, and was acting within the course and scope of his employment. All acts committed by Defendant Roberson, Sr. were done under color of the laws of the State of Washington and under the authority of his position as a law enforcement officer with the City of Olympia.

6. Defendant James Roberson, Jr. is a United States Citizen residing in this judicial district. At all times relevant hereto, Defendant Roberson, Jr. was a law enforcement officer with the City of Olympia, an employee of the City of Olympia, and was acting within the course and scope of his employment. All acts committed by Defendant Roberson, Jr. were done under color

COMPLAINT - 2

**Budge & Heipt, PLLC**
705 Second Ave., Suite 910
Seattle, WA 98104
206-624-3060

of the laws of the State of Washington and under the authority of his position as a law enforcement officer with the City of Olympia.

7. Defendant Michael Renard is a United States Citizen residing in this judicial district. At all times relevant hereto, Defendant Renard was a law enforcement officer with the City of Olympia, an employee of the City of Olympia, and was acting within the course and scope of his employment. All acts committed by Defendant Renard. were done under color of the laws of the State of Washington and under the authority of his position as a law enforcement officer with the City of Olympia.

8. Defendant City of Olympia is a governmental entity and a municipal corporation operating in this judicial district. The City of Olympia operates a jail known throughout this complaint as the "Olympia Jail." The Olympia Jail confines pretrial detainees and people who have been convicted of crimes meriting short-term confinement.

**FACTUAL ALLEGATIONS AND SUMMARY OF EVENTS**

9. On or about August 19, 2008, Ms. Brown was arrested by Olympia police officers for a non-violent misdemeanor (trespassing) and transported to the Olympia City Jail. (The trespassing charges were fully dismissed shortly after her arrest). At the Olympia City Jail, Ms. Brown was booked and searched and placed in a jail cell. For the duration of the events that form the basis of this complaint Ms. Brown remained confined in the Olympia City Jail as a pretrial detainee.

10. After being booked, the individual defendant-officers came to Ms. Brown's cell. They ordered her to go with them to a different room within the jail. Ms. Brown followed their commands. When they arrived at this room, the officers ordered Ms. Brown to remove her

Budge & Heipt, PLLC
705 Second Ave., Suite 910
Seattle, WA 98104
206-624-3060

clothing. This command constituted a strip search under Washington law. The command was manifestly illegal under Washington law in that there was no warrant and no reasonable suspicion or probable cause to conduct the search. In addition, the search was manifestly illegal in that it constituted an opposite-sex strip search, which is strictly prohibited under Washington law. *See* RCW 10.79, et seq.

11. In response to their unlawful commands, Ms. Brown requested that the disrobing take place in front of a female officer. She told the individual defendants that she would remove her clothing so long as it occurred in the presence of a female officer.

12. The individual defendants refused Ms. Brown's request. They commanded her again to comply with their order to take her clothes off in front of them and told her that no female officer would be made available. Ms. Brown again requested that the procedure take place in front of a female officer and reiterated the fact that she would comply with the order so long as it was in the presence of a female. Her request was again refused.

13. One of the individual defendants then told another individual defendant to get a taser. Tasers are electro-muscular disruption devices that are designed to fire nitrogen-propelled darts into a person's body at a high rate of speed. The device delivers an incapacitating and extraordinarily painful electrical charge into the person's body, which instantly overrides the person's central nervous system, paralyzing the muscles throughout the body, rendering the person limp and helpless. The device causes immobilization, disorientation, loss of balance, weakness, paralysis, and great pain.

14. One of the individual defendants retrieved the taser and gave it to another individual defendant. This individual defendant then pointed it at Ms. Brown's midsection. He threatened to

COMPLAINT - 4

Budge & Heipt, PLLC
705 Second Ave., Suite 910
Seattle, WA 98104
206-624-3060

shoot Ms. Brown if she did not comply with their unlawful disrobing commands.  In response to this threat, Ms. Brown reiterated that she would comply with the individual defendants' orders if she could do so in front of a female officer.  Thereafter, and without any legitimate justification whatsoever, one of the individual defendants fired the taser into Ms. Brown's abdominal and chest area, discharging thousands of volts of electricity into her body, inflicting incredible pain and causing her to fall to the floor incapacitated.  Left with no choice, and having been effectively tortured into compliance, Ms. Brown then took off her clothes as ordered.

## POST-EVENT INVESTIGATION

15. On or about December 31, 2008, Ms. Brown filed a complaint with the Olympia Police Department for the events described above.  The City of Olympia commenced a formal inquiry.  As a result of its investigation, the City of Olympia concluded as follows:  "Olympia Corrections Officers violated Ms Brown's civil rights by tasing her and forcing her to change in front of male officers when she requested the presence of a female officer."  In addition, the investigation made other conclusions.  For example, the investigation concluded that the command for Ms. Brown to disrobe constituted a "strip search" under Washington law and "Washington State Law (sic) did not allow a strip search" in the circumstances of this case.  In addition, the City of Olympia concluded that Ms. Brown "did not cause any safety concerns for the three Correctional Officers (sic) dealing with her" and they "did not develop reasonable suspicion Ms. Brown was in possession of dangerous weapons . . . or that there was probable cause she was in possession of contraband."  Moreover, the City of Olympia found that, even if a strip search had been allowed, it was performed unlawfully.  In particular, "Washington State Law requires strip searches to be performed by people of the same sex as the person being searched," "Ms. Brown acted within her lawful rights when she

COMPLAINT - 5

requested a female officer be present while she changed," and "Olympia City Jail's practice of having male corrections officers supervise females during strip searches . . . is unlawful." Further, the City of Olympia determined, the use of the taser was excessive and illegal: "[T]he force (CED) used on Ms. Brown cannot be considered reasonable or justified because her rights protected under Washington State Law were being violated. Therefore . . . the CED deployment was not appropriate and excessive." In addition, the City of Olympia determined that the City was itself responsible for failing to train its officers concerning strip searches and the use of force: "the procedure of the Olympia Correctional Officers performing strip searches during the booking process is a policy failure."

## ADDITIONAL ALLEGATIONS

16. Throughout their encounter with Ms. Brown, the individual defendants acted intentionally, knowingly, maliciously, and recklessly in violation of Ms. Brown's well-established constitutional rights under the Fourth and/or Fourteenth Amendments to the United States Constitution. The individual defendants' conduct was motivated by a desire to inflict pain and/or humiliation on Ms. Brown, were unrelated to any legitimate law enforcement or correctional objectives, and were in total disregard to the risks associated with their actions. The individual defendants are liable for punitive damages for their conduct.

17. It was foreseeable that the conduct of the individual defendants would cause significant pain and emotional and mental distress to Ms. Brown and their conduct did, in fact, cause Ms. Brown to suffer significant pain and mental and emotional distress.

18. Defendant City of Olympia is subject to municipal liability for the allegations contained herein. With regard to the state law allegations, both statutory and common law, the

City of Olympia is liable under the doctrine of respondeat superior.  With regard to the constitutional allegations, the City of Olympia is also liable in that the actions of the individual defendants were carried out in accordance with the official policies, procedures, customs, and practices of the City of Olympia.  The City of Olympia failed to adequately train and/or supervise its personnel with regard to the conduct described in this complaint.  The City of Olympia engaged in and permitted to exist a pattern or practice of unconstitutional conduct like the conduct described in this complaint.

19. Ms. Brown has complied with any prerequisite requirements to the filing of this complaint, including the filing of a tort claims notice with the City of Olympia.

## CLAIMS

### Violation of Ms. Brown's Constitutional rights

(42 U.S.C. § 1983)

20. As a result of the allegations contained herein, including the allegations relating to the strip search and use of the taser against her, all defendants are liable to Ms. Brown under 42 U.S.C. § 1983 for violating her rights under the United States Constitution including her rights under the Fourth and/or Fourteenth Amendments.

### Violation of Washington State Strip Search Statutes

(RCW 10.79 et seq.)

20. As a result of the allegations contained herein relating to the strip search of Ms. Brown, all defendants violated Washington's strip search statutes (RCW 10.79 et seq.) and are civilly liable to Ms. Brown pursuant to RCW 10.79.110 which grants a private right of action to any person who suffers damage or harm as a result of a violation of the strip search statutes.

Budge & Heipt, PLLC
705 Second Ave., Suite 910
Seattle, WA 98104
206-624-3060

### Common Law Torts

21. As a result of the allegations contained herein, relating to the strip search and the use of the taser, all defendants are liable to Ms. Brown for violations of Washington common law including the torts of assault, battery, negligent infliction of emotional distress, negligence, and outrage and/or intentional infliction of emotional distress.

### JURY DEMAND

22. Plaintiff demands a trial by jury.

### PRAYER FOR RELIEF

WHEREFORE, the plaintiff prays that the Court award:

A. Compensatory, consequential, actual and/or nominal damages to Ms. Brown, in amounts to be proven at trial;

B. Punitive damages against the individual defendants in amounts to be proven at trial;

C. Reasonable attorneys' fees, costs, and prejudgment interest incurred in pursuing this action; and

D. Any such other relief that this Court deems just and equitable under the circumstances of this case.

DATED this 29 day of September, 2010.

BUDGE & HEIPT, PLLC

　/s/   Edwin S. Budge
Edwin S. Budge, WSBA # 24182
Erik J. Heipt WSBA #28113
Attorneys for Plaintiff